## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DANNY WHITE, #39512                                        PETITIONER

VS.                                   CIVIL ACTION NO. 3:05CV624-WHB-JCS

DARRYL ANDERSON, ET AL                                    RESPONDENTS

---

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 7, 1998, Danny White entered a plea of guilty to the unlawful sale of cocaine within 1500 feet of a church in the Circuit Court of Pike County, Mississippi.  He was sentenced on that date to serve a term of twelve (12) years as a habitual offender in the custody of the Mississippi Department of Corrections.  **Exhibit A to Respondents' Motion to Dismiss. [1]**

On December 17, 1999, White filed a Petition for Trial Transcripts.  **Exhibit E.**  This motion was denied by the trial court on January 5, 2000.  **Exhibit F.**  White appealed the lower court's ruling, but the appeal was dismissed on October 12, 2000.  **Exhibit G** (Cause No. 2000-CP-00187).    On June 28, 2001, White filed a Motion for Post-Conviction Relief in the Copiah County Circuit Court.  **Exhibit B.**  By Order filed June 16, 2001, the trial court denied relief. The Mississippi Court of Appeals affirmed the lower court's denial of relief in a written opinion. *White v. State*, 818 So.2d 369 (Miss. App. 2002).

---

[1]All references to exhibits are those attached to Respondents' Motion to Dismiss Pursuant to § 2244(d), filed on February 3, 2006.

On June 18, 2002, White filed a Writ of Habeas Corpus seeking the appointment of counsel.  **Exhibit H.**  This motion was denied by Order of the Mississippi Supreme Court filed August 7, 2002.  **Exhibit I** (Cause No. 2002-M-00976).

On October 14, 2005, White signed his Petition for Habeas Corpus in this cause, and it was received and filed by the Clerk of this Court on October 17, 2005.  As grounds for relief, he contended that he was denied due process by "way of bifurcation hearing."  **Petition**, p. 5.

This cause is now before the Court upon the Respondents' Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) [#15], filed February 3, 2006.  The Respondents assert that White's Petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d).  This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Respondents contend that White's judgment "became final" for AEDPA purposes on September 6, 1998,  which was thirty days after his August 7th sentencing on his guilty plea. Under MISS. CODE ANN. § 99-35-101 (1972), there is no direct appeal from a guilty plea.  Yet, the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty days when the issue concerns an illegal sentence.    *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998) *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and, *Acker v. State*, 797 So.2d 966 (Miss. 2001).  Because White did not avail himself of this review, the Respondents assert that under *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), his guilty plea judgment became final thirty days after the sentence was imposed, or on September 6, 1998.

The Respondents conclude that White's one year statute of limitations under AEDPA began running on that date, September 6, 1998, and continued running without tolling until September 6, 1999.  Because no "properly filed" application was filed before September 6, 1999, to toll the statute, the petition filed in this Court on October 14, 2005, was untimely filed, being late by at least 2,230 days, or over six years.

The undersigned finds that the Respondents' calculations regarding the one-year statute of limitations in White's case are correct under the law and under the AEDPA statute.  The

limitations period has long since run against White, and his Petition should be dismissed with prejudice.  Over six years elapsed between the date that White's judgment of conviction became final and the date that he submitted his Petition for Writ of Habeas Corpus to this Court.  Some consideration of state law is inevitable when determining when a habeas petitioner's conviction becomes final.  *Foreman v. Dretke,* 383 F.3d at 336 (5th Cir. 2004*), citing Roberts*, 319 F.3d at 693-94.  The Mississippi Supreme Court has held that a "final judgment is one which ends in conviction and sentence."  *Smith v. State*, 786 So. 2d 423, 426 (Miss. 2001).  This view is in accord with federal precedent.  *Berman v. United States*, 302 U.S. 211,212  (1937) ("Final judgment in a criminal case means sentence.  The sentence is the judgment."); *United States v. Wilkinson*, 601 F.2d 791, 794 (5th Cir. 1979) ("In a criminal case, a judgment of conviction and a sentence are usually necessary to create finality.")

In the *Roberts* case, the Court held that for AEDPA purposes, the conviction becomes "final" when the "time for seeking further direct review in the state court expires."  319 F.3d at 694.   If the petitioner fails to complete the State's review process, the judgment becomes final on that date.  Here, White did not utilize the review allowing him to challenge the legality of his sentence within the thirty day period allowed under Mississippi case law; hence, his conviction became final when this period ended.

White did file several pleadings in the state courts, but none of these were filed prior to the expiration of his AEDPA deadline.  His post-conviction motion was filed on June 28, 2001, over a year too late.  A pleading requesting trial transcripts was filed three months after the

deadline expired, or on December 17, 1999.  Even if these motions were treated as "properly filed" motions under AEDPA, neither was filed within the time period.

White's petition in this cause was not filed until sometime between October 14, 2005,[2] [the date he purportedly signed the petition] and October 17, 2005 [the date the petition was received by the Clerk of this Court].  This filing was at least 2,230 days late (September 6, 1999 --- October 14,  2005) for the purpose of meeting the AEDPA limitations statute.

For the reasons discussed above, it is the opinion of the undersigned that White's habeas petition was filed too late, and that Respondents' motion is meritorious and should be granted. It is, therefore, the recommendation of the undersigned United States Magistrate Judge that the respondents' Motion to Dismiss Pursuant to § 2244(d) [#15] be **granted** and that the Petition for Writ of Habeas Corpus filed by Danny White be dismissed with prejudice due to his failure to comply with the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

---

[2] The Petition was purportedly signed on October 14, 2005, and it was actually received by the Clerk of this Court on October 17, 2005.  Under **Coleman v. Johnson**, 184 F.3d 398, 401, *rehearing and rehearing en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000) (citing **Spotville v. Caine**, 149 F.3d 374, 376-78 (5th Cir. 1998), the "mailbox rule" applies, and a federal habeas petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court.  The Petition is untimely under either formula.

conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 17th day of April, 2006.


                                             S/ James C. Sumner
                                     UNITED STATES MAGISTRATE JUDGE